UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE
INSURANCE COMPANY,

    Plaintiff,

vs.                                                                  Case No. 15-12256

DOLORES THOMASON,                               HON. AVERN COHN
KENYA M. THOMASON,
SCHNELL EASLEY, and
WILLIAM E. THOMASON,

    Defendants.
_____/

**MEMORANDUM AND ORDER GRANTING
JUDGMENT IN FAVOR OF SCHNELL EASLEY**[1]

I.

This is an interpleader action.  Plaintiff Metropolitan Life Insurance Company Met Life) asks that the Court determine what amount, if any, that each of the four defendants, Dolores Thomason, Kenya Thomason, Schnell Easley, and William E. Thomason are entitled to from the $15,500.00 in life insurance benefits payable upon the death of William Edison Thomason (decedent).  As will be explained, the decedent's most recent beneficiary designation awards 50% to Kenya Thompson and 50% to Schnell Easley (Easley).  Met Life paid half of the amount to Kenya Thomason, less a portion for funeral expenses.  A balance of $7,750.00 remains.  Only Easley filed a

---

[1]Upon review of the papers, the Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

timely answer to the complaint, in which she asserts a right to the 50% share. (Doc. 7). The Court construes this filing as a motion for summary judgment. For the reasons that follow, the motion will be granted and a judgment will enter in favor of Easley.

II.

Decedent, a former employee of AT&T, was a participant in the AT&T Group Life Insurance Program for Former Bargaining Employees (the Plan). The Plan is governed by the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. The Plan is an employee welfare benefit plan sponsored by AT&T and funded by a group life insurance policy issued by Met Life. Under the Plan, decedent had a $15,500.00 life insurance benefit.

Dolores Thomason is decedent's sister. Kenya Thomason is decedent's daughter. Easley is decedent's former caregiver. William E. Thomason is decedent's son.

Decedent changed his beneficiary designations on several occasions before his death. On February 6, 1996, the decedent designated his children, William E. Thomason and Kenya Thomason beneficiaries entitled to 25% each. He also designated his sister Dolores Thomason a 50% beneficiary.

On April 15, 2013, decedent designated Schnell Easley as the sole primary beneficiary of life insurance benefits.

A few months later, on July 3, 2013, decedent designated Kenya Thomason and Easley as co-equal beneficiaries, each entitled to a 50% share.

On October 9, 2014, decedent passed away due to congestive heart failure.

On October 29, 2014, Kenya Thomason sent a letter to Met Life contesting

Easley's right to receive any portion of the benefit, alleging that decedent had dementia and Easley unduly influenced decedent into naming her a beneficiary.

Following decedent's death, on December 18, 2014, Met Life followed the instructions in the most recent beneficiary designation on file–the July 3, 2013 form. As such, Met Life disbursed $6,579.50 (this amount included $4.50 interest) to Kenya Thomason. This amount represents the 50% portion of the life insurance benefits less the $1,175 that Kenya Thomason assigned to Beta Capital Corp. for funeral expenses. Beta Capital Corp. received its distribution on December 18, 2014. The remaining balance of the plan benefit is $7,750.00.

After the disbursement, Met Life advised the defendants that their claims were adverse to one another and offered the defendants an opportunity to resolve the matter to avoid Met Life having to file a lawsuit. Defendants were apparently unable to reach an agreement.

B.

On June 23, 2015, Met Life filed this interpleader action. As noted in the complaint, if the Court determines that the July 3, 2013 designation of beneficiary form is valid, then Easley is entitled to the remaining balance of $7,500.00 plus interest. If however, it is determined that Easley is not entitled to any benefits, then both the July 3, 2013 form naming her 50% beneficiary and the April 15, 2013 form naming her the sole beneficiary would be invalid. In that case, the February 6, 1996 form controls. Under that form, Kenya Thomason is entitled to a 25% share, not a 50% share. Thus, Kenya Thomason would be considered overpaid by $2,700.00 and would either have to return the overpaid portion to Met Life or disburse it to the other beneficiaries, William

Thomason and Dolores Thomason. See Doc. 1 at ¶ 25.

On August 14, 2015, Met Life served the complaint on defendants. Answers to the complaint were due by September 9, 2015. On September 3, 2015, Easley, proceeding pro se, submitted a document contending that she is entitled to the 50% share. (Doc. 7). As noted above, the Court construes this document as a motion for summary judgment.

On October 19, 2014, well past the date for answering the complaint, the Court received a letter from Kenya Thomason. (Doc. 9). The Court will construe the letter as a response to Easley's motion for summary judgment.

III.

Under the pertinent Federal Rule, "[a] party may move for summary judgment, identifying each claim or defense "or the part of each claim or defense" on which summary judgment is sought, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the Supreme Court has explained, "the plain language of Rule 56[ ] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding a motion brought under Rule 56, the court must view the evidence in a light most favorable to the nonmoving party. Pack v. Damon Corp., 434 F.3d 810, 813 (6th Cir. 2006). Yet, the nonmoving party may not rely on mere allegations or denials, but instead must support a claim of disputed facts by "citing

to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Moreover, any supporting or opposing affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Finally, "the mere existence of a scintilla of evidence that supports the nonmoving party's claims is insufficient to defeat summary judgment." Pack, 434 F.3d at 814 (alteration, internal quotation marks, and citation omitted).

IV.

In arguing that she is entitled to the life insurance benefits payable under the Plan upon the death of decedent, Easley points to the most recent beneficiary designation form executed by decedent prior to his death. That form, dated July 3, 2013, entitles her to a 50% share. This designation remained unchanged until decedent's death on October 9, 2014. Easley also says she was decedent's caregiver and girlfriend, that she did not convince decedent to change his life insurance benefits, that decedent did not suffer from dementia, and that she is entitled to a 50% share.

The Court agrees that this designation controls the payment of benefits under the Plan. The Sixth Circuit has emphasized that ERISA "establish[es] a clear mandate that plan administrators follow plan documents to determine the designated beneficiary under an employee benefit plan governed by the statute." Metropolitan Life Insurance Co. v. Pressley, 82 F.3d 126, 130 (6th Cir. 1996).

Here, the pertinent Plan documents call for benefits to be paid to the beneficiary or beneficiaries designated by the Plan participant through the means specified in the Plan for naming beneficiaries. (See Doc. 1, Complaint, Ex. A, Summary Plan Description at p. 35.) It is further undisputed that the Plan participant, decedent, named Kenya Thomason and Easley as co-equal beneficiaries in the last beneficiary designation form he completed prior to his death. Under the plain language of the Plan, Easley is entitled to a 50% share of benefits upon decedent's death.

The only suggested basis in the record for deviating from this result is set forth in Kenya Thomason's response in which she alleges that Easley took advantage of decedent, that decedent was suffering from dementia, that she was not aware Easley was decedent's girlfriend, and that Easley did not take good care of decedent.

However, there is no evidentiary support in the record for these allegations against Easley or as to decedent's mental condition. In the absence of any basis in the record for questioning decedent's most recent designation of beneficiary form giving Easley a 50% share, the Court concludes that the final designation made by decedent on July 3, 2013 is controlling. As such, Met Life properly paid Kenya Thomason 50% of the benefit less funeral expenses.[2] Easley is entitled to the remaining 50% benefit.

---

[2] As explained above, in light of this finding, Kenya Thomason received a larger share than if the beneficiary forms naming Easley were deemed invalid.

V.

For the reasons stated above, Easley's motion for summary judgment is GRANTED. A judgment shall enter in favor of Easley in the amount of $7,750.00. Met Life shall pay Easley this amount forthwith.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: November 10, 2015
       Detroit, Michigan